UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JEROME DOWDELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:05-CV-342-TS |
| | ) |
| CITY OF FORT WAYNE, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

When the Plaintiff, Jerome Dowdell, filed this action, he was a prisoner confined at the Allen County Jail. Dowdell was released before his motion for leave to proceed without full prepayment of fees and costs was filed.

Dowdell has advised the Court that he has been released from custody, and is no longer confined in any jail or penal facility. Because Dowdell has been released from custody, there is no institutional account from which the initial partial filing fee can be paid. For purposes of the Prison Litigation Reform Act, the Court must determine the plaintiff's status on the date the suit or appeal is "brought." *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996). Dowdell was a prisoner when he submitted his Complaint. Accordingly, he must submit a copy of his trust account for the time he was at the Allen County Jail so that an initial partial filing fee can be assessed.

Where a prisoner has been released from custody before the court has made an in forma pauperis determination, the prisoner must pay any initial partial filing fee he would have been liable for under the analysis of § 1915(b)(1). *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (requiring "prepayment of the sum that should have been remitted before release"). Failure to pay the initial partial filing fee will result in the dismissal of this case for failure to prosecute.

Section 1915(b)(2) contemplates that a prisoner make installment payments toward the filing fee from his trust account, but a prisoner's release from incarceration means that there is no longer

a prison trust account from which to withdraw payments. When a prisoner is released from custody, the court must reconsider his pauper status and determine his ability to continue to make payments toward the filing fee. *Robbins*, 104 F.3d at 898.

For the foregoing reasons, the Court AFFORDS the Plaintiff until November 4, 2005, to submit of a copy of his trust account from the Allen County Jail, and to advise the Court of his current financial situation, and DIRECTS the Clerk to forward the Plaintiff a copy of the Court's in forma pauperis petition for non-prisoners along with this Order.

SO ORDERED on September 28, 2005.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT